Filed 9/16/24  P. v. Rigney CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B332737 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA084080) |
| v. | |
| JOSE ANDREW RIGNEY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert G. Chu, Judge.  Affirmed.

David R. Greifinger, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————

## INTRODUCTION

Jose Andrew Rigney appeals following his plea of no contest to making criminal threats. We appointed counsel to represent Rigney in this appeal. Rigney's appointed counsel reviewed the record and did not identify any arguable issues. (*People v. Wende* (1979) 25 Cal.3d 436.) Nor, after reviewing the record independently, have we. Therefore, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In an information, the People charged Rigney with three felony counts of making a criminal threat (Pen. Code, § 422, subd. (a); counts 2, 3 and 4)[1]; one count of felony vandalism (§ 594, subd. (a), (b)(1); count 5); and one misdemeanor count of violating a civil restraining order (§ 273.6, subd. (a); count 6). The criminal threat counts involved the same victim, Alyssa Vernon, for various alleged incidents during 2022. The vandalism count alleged Rigney maliciously damaged the property of another victim, Anthony Vernon. As to all felony counts, the information alleged two aggravating factors within the meaning of California Rules of Court, rule 4.421(a)(1) and (b)(1). As to the criminal threat counts, the information further alleged one aggravating factor within the meaning of California Rules of Court, rule 4.421(a)(6).

On June 9, 2023, following advisement and waiver of his constitutional rights, Rigney, represented by counsel, entered a plea of no contest to making a criminal threat (§ 422, subd. (a); count 2). He also admitted one aggravating factor, namely that he took advantage of a position of trust or confidence to commit the offense, in violation of California Rules of Court,

---

[1] Undesignated statutory references are to the Penal Code.

rule 4.421(a)(11).  Rigney stipulated to liability for restitution for all charged counts, including those dismissed as part of the plea agreement, pursuant to *People v. Harvey* (1979) 25 Cal.3d 754.

The trial court accepted Rigney's plea and admission. Pursuant to the plea agreement, the court sentenced Rigney to the three-year upper term on count 2, based on Rigney's admission of the aggravating factor, and dismissed the remaining counts.  (§ 18, subd. (a); § 1170, subd. (b)(2).)  The court awarded Rigney a total of 648 days of custody credit.   Rigney was ordered to obey the 10-year protective order the court issued protecting Alyssa, April, and Anthony Vernon, and minor Anthony V.  The court ordered Rigney to pay a $300 restitution fee, a $300 parole revocation restitution fee, a $30 criminal conviction facilities assessment fee, and a $40 court security fee.

On December 4, 2023, the court ordered Rigney to pay restitution in the stipulated amount of $3,800 to Anthony Vernon pursuant to section 1202.4, subdivision (f).[2]

Rigney filed a timely notice of appeal, challenging only the sentencing and/or other matters occurring post-plea.  (Cal. Rules of Court, rule 8.304(b)(2)(B).)

### *DISCUSSION*

After reviewing the record, counsel for Rigney filed an opening brief raising no issues.  According to counsel's declaration, Rigney has been released from custody, Rigney has not contacted counsel, and counsel has been unable to obtain a current address for Rigney.  On June 4, 2023, this court sent Rigney a notice, care of his trial counsel, that he may file a

---

[2]     We take judicial notice on our own motion of the trial court's December 4, 2023 minute order.  (Evid. Code, § 452, subd. (d).)

3

supplemental brief or letter within 30 days of the notice stating any grounds for an appeal, or contentions, or arguments that he wished for this court to consider.  We have not received a response, and Rigney has not updated this court with his current contact information.  (See Cal. Rules of Court, rule 8.32(a).)

We have examined the record and are satisfied that appellate counsel for Rigney has complied with her responsibilities and that there are no arguable issues.  (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende, supra,* 25 Cal.3d at pp. 441-442.)

### *DISPOSITION*

The judgment is affirmed.


STONE, J.

We concur:


MARTINEZ, P. J.


SEGAL, J.